IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

NO. 95-30015
Summary Calendar
_____


MARINE TRANSPORT LINES, INCORPORATED,

                                        Plaintiff-Appellee,

versus

TAKO INVADER MV, her engines, tackle, etc.,
in rem; TAKO TOWING INCORPORATED;
LUMAR MARINE INCORPORATED,                Defendants-Appellants.

_____

Appeal from the United States District Court for the
Eastern District of Louisiana
(CA 92 3882 "N")
_____
August 1, 1995


Before JONES, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM[*]:

Tako Towing, Inc., and Lumar Marine, Inc., appeal the district court's judgment determining that the *M/V Tako Invader* violated Rule 14 of the Inland Navigational Rules[1] and allocating to her 75% of the fault for the collision. We affirm.

I.

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion should not be published.

[1] Inland Navigational Rules Act of 1980 ("Inland Navigational Rules"), 33 U.S.C. § 2001 *et seq.*

Marine Transport Lines, Inc. ("Marine Transport"), brought an admiralty action against *M/V Tako Invader*, Lumar Marine, Inc. and Tako Towing, Inc. (collectively referred to as "Tako Towing") to recover damages its barge sustained in a collision with the *M/V Tako Invader* on the Mississippi River.[2]  Marine Transport alleged that the *M/V Tako Invader*'s negligent operation and failure to adhere to the applicable navigational rules caused the collision and resulting damage to Marine Transport's barge.  The district court found the *M/V Tako Invader* in violation of Rules 7, 8, 9, and 14 of the Inland Navigational Rules, and the *M/V Marine Guardian* in violation of Rules 7, 8, 14, and 34.  Based on this finding, the court apportioned 75% of the fault to the *M/V Tako Invader* and 25% to the *M/V Marine Guardian*.

Tako Towing appealed, arguing that the district court's findings were clearly erroneous and that the district court misinterpreted Rules 9 and 14.  This Court determined that, although the district court found that *M/V Tako Invader*'s position on the eastern side of the river in contravention of the port-to-port passage established by Rules 9 and 14 violated the statute, the case should be remanded because the *M/V Tako Invader*'s position did not "conclusively establish that she violated Rule 14, and the court did not make the findings necessary to support its application of Rule 9." *Marine Transp. Lines, Inc.*, 37 F.3d at 1145.  We further opined that if the district court determined that

---

[2]  A complete recitation of the facts can be found in this Court's previous opinion in this case:  *Marine Transp. Lines, Inc. v. M/V Tako Invader*, 37 F.3d 1138, 1139-40 (5th Cir. 1994).

2

the *M/V Tako Invader* violated Rules 9 and 14, a 75-25 apportionment of fault in favor of Marine Transport would not be clearly erroneous. *Id.* at 1146.

On remand, the district court found that (1) the Luling Bridge section of the Mississippi River is 1200 feet wide and is not a narrow channel requiring the application of Rule 9; (2) "[g]iven the *M/V Tako Invader*'s position on the east (port) side of the river, it was unable to pass the upbound *M/V Marine Guardian* port-to-port as required by [Rule 14]"; (3) there is no evidence suggesting that *M/V Tako Invader* complied with the requirements of Rule 14(d); and (4) the evidence established that the *M/V Tako Invader* failed to comply with Rule 14(d) and was required to comply with Rule 14(a). The district court also determined that its previous allocation of fault should stand.

## II.

We review the district court's factual findings of relative fault in a collision for clear error. *Inland Oil & Transp. Co. v. Ark-White Towing*, 696 F.2d 321, 325 (5th Cir. 1983). "A finding is `clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948). Tako Towing does not challenge the district court's determination that Rule 9 was not applicable because the Luling Bridge section of the Mississippi is not a narrow channel, or the determination that the *M/V Tako Invader* did not satisfy the

requisites of Rule 14(d). Tako Towing contends that the determination of whether *M/V Tako Invader* violated Rule 14 requires an examination of the undisputed location of the collision. Tako Towing argues that because Rule 14(d) bestowed the right-of-way upon the *M/V Tako Invader* and burdened the *M/V Marine Guardian* with avoiding her and because *M/V Tako Invader*'s position in the river did not render *M/V Marine Guardian* unable to pass port-to-port as required by Rule 14, the district court's determination that the *M/V Tako Invader* violated Rule 14 by virtue of her position in the river without considering the course and location of the two vessels was clearly erroneous.

Rule 14(a) of the Inland Navigational Rules states the general rule that when two power-driven vessels are meeting on reciprocal courses, "each shall alter her course to starboard so that each shall pass on the port side of the other."  33 U.S.C. § 2014(a). We find that Tako Towing's assertion that the right-of-way provision set forth in Rule 14(d)[3] burdened the *M/V Marine Guardian* to avoid the downbound *M/V Tako Invader* misperceives this Court's holding in the first appeal.  Although the Court held that "Rule

---

[3]     Rule 14(d) provides as follows:

Notwithstanding paragraph (a) of this Rule, a power-driven vessel operating on the Great Lakes, Western Rivers, or water specified by the Secretary, and proceeding downbound with a following current shall have the right-of-way over an upbound vessel, shall propose the manner of passage, and shall initiate the maneuvering signals prescribed by Rule 34(a)(i) as appropriate.

33 U.S.C. § 2014(d).

4

14(d)'s right-of-way for downbound vessels modifies Rule 14(a) in the same way that Rule 9(a)(ii) modifies Rule 9(a)(i)," it further instructed that

> a vessel descending the Mississippi River must adhere to the default requirements of Rules 9 and 14 . . . unless otherwise agreed [and that] downbound vessels may force a departure from these default rules provided they comply with the requirements in Rules 9(a)(ii) and 14(d) that they propose the manner of passage and initiate maneuvering signals prescribed by Rule 34(a)(i) as appropriate.

*Marine Transp. Lines, Inc.*, 37 F.3d at 1145. Tako Towing concedes, and the evidence elicited from its witness supports, the district court's determination that *M/V Tako Invader* did not satisfy Rule 14(d)'s requirements because *M/V Marine Guardian* did not receive or assent to a proposal from the *M/V Tako Invader* for a starboard-to-starboard passage. Having failed to comply with the statutory requisites for invoking the conditional right-of-way, *M/V Tako Invader* was bound by Rule 14(a), which mandated a port-to-port passing. *Id.* The uncontested testimony of *M/V Marine Guardian*'s Captain Jack Sears established that (1) the Luling Bridge section of the Mississippi is approximately 1200 feet wide; (2) immediately prior to the collision, the *M/V Marine Guardian* passed the upbound *M/V Creole Rivers* on her starboard side; (3) he did not hear the *M/V Tako Invader* attempt radio contact with the *M/V Marine Guardian* or attempt to communicate a passing agreement by whistle; (4) he heard the *M/V Tako Invader* confirm a port-to-port passing agreement with the *M/V Creole Rivers*; and (5) at the time of the collision, there was approximately 800 feet between the port side of the *M/V Marine Guardian* and the pylon located on the west (starboard) side

5

of the river.  Because the district court's findings that *M/V Tako Invader* did not satisfy Rule 14(d) and did not maintain the starboard-to-starboard course even though it was in a position to do so, the district court's determination that the *M/V Tako Invader* violated Rule 14 was not clear error.  *See Ohio Barge Line, Inc. v. Oil Transp. Co.*, 280 F.2d 448, 453 (5th Cir. 1960) (downbound vessel was solely at fault for crowding upbound vessel in starboard-to-starboard passage without concurrence when evidence adduced at trial placed upbound vessel on her side of the river).

### III.

Tako Towing further asserts that this Court's determination that it could not find that a 75/25 apportionment of fault in favor of Marine Transport would be clearly erroneous if the district court found on remand that the *M/V Tako Invader* violated Rules 9 and 14 of the Inland Navigational Rules contains an implicit determination that the apportionment may be clearly erroneous if Rule 9 is found to be inapplicable because the district court failed to conclusively establish a Rule 14 violation.  We find that Tako Towing has misconstrued this Court's rationale for remanding the case.  The original findings of the district court were insufficient to establish a "conclusive" violation of Rule 14 because the district court had not found explicitly that the *M/V Tako Invader* failed to comply with the requisites of Rule 14(d); had she complied, her position on the eastern side of the river may have been appropriate.  Because the district court subsequently determined that the *M/V Tako Invader* did not prove her entitlement

6

to the Rule 14(d) right-of-way, the *M/V Tako Invader* was required, but did not effect, the port-to-port passing mandated by Rule 14(a). We reject Tako Towing's argument that the apportionment was clearly erroneous based on our previous decision and the district court's subsequent finding that Rule 9 did not apply. Accordingly, we find the apportionment of damages was not clearly erroneous; the district court was not required to address Tako Towing's speculation that such an apportionment "might be clearly erroneous" if Rule 9 did not apply.

IV.

For the reasons articulated above, the judgment of the district court is AFFIRMED.